Justice Breyer,
Circuit Justice.
This is an application for a stay of orders of the Colorado State District Court for Eagle County and the Supreme Court of Colorado restricting publication of the contents of transcripts of in camera pretrial proceedings held in a criminal prosecution for sexual assault. The applicants are several major newspaper publishers and media outlets that have *1302 been covering the prosecution. They filed their application in this Court on July 21, 2004. Due to a change in circumstances following the submission of their application, I deny the application without prejudice to its being filed again in two days’ time (or thereafter), i. e., subsequent to July 28, 2004.
At issue are the transcripts of trial court hearings, held in camera on June 21 and June 22, 2004, to determine the relevance and admissibility of certain evidence pursuant to Colorado’s rape shield statute, Colo. Rev. Stat. § 18-3-407(2) (Lexis 2003). The transcripts were mistakenly e-mailed to the applicants by a court reporter of the trial court. Upon realizing its mistake, the trial court issued an order prohibiting publication of the contents of the transcripts and requiring their deletion from the applicants’ computers. See Order in People v. Bryant, No. 03-CR-204 (Dist. Ct., Eagle Cty., June 24, 2004). The applicants challenged the order before the Colorado Supreme Court, which agreed with them that the order imposed a prior restraint on speech, but concluded that a more narrowly tailored version of the order would pass constitutional muster. See People v. Bryant, 94 P. 3d 624 (2004).
Accordingly, the Colorado Supreme Court ordered the trial court to:
“(1) make its rape shield rulings as expeditiously as possible and promptly enter its findings of facts and conclusions of law thereon; (2) determine if some or all portions of the June 21 and June 22 transcripts are relevant and material and, therefore, admissible under the rape shield statute at trial; and (3) enter an appropriate order, which may include releasing to the [applicants] and the public a redacted version of the June 21 and June 22 transcripts that contains those portions that are relevant and material in the case, if any, and maintains the ongoing confidentiality of portions that are irrelevant and immaterial, if any.” Id., at 626-627.
*1303 In evaluating the validity of the prior restraint, the Colorado Supreme Court made clear that the government’s “interest of the highest order” in preventing publication applied only to those portions of “the in camera transcripts that are not relevant and material under the rape shield statute.” Id., at 626. Two days after the Colorado Supreme Court issued its opinion, the applicants submitted their application for a stay of the trial court’s and the Colorado Supreme Court’s orders, directing it to me as Circuit Justice.
On July 23, the same day that responses to the application were filed in this Court, the Colorado trial court issued its ruling on the admissibility of evidence under the Colorado rape shield statute. See Order re: Defendant’s Motion to Admit Evidence Pursuant to C. R. S. § 18-3-407 and People’s Motions in Limine #5 and #7 in People v. Bryant, No. 03-CR-204 (Dist. Ct., Eagle Cty., July 23, 2004). According to this ruling (which affects all of the hearings held in camera pursuant to the rape shield statute, not just those at issue in this application) the trial court
“determines that certain evidence ... is relevant to a material issue(s) in this case . . . and will permit the evidence to be offered at the trial of this matter. The Court determines that certain other evidence ... is not relevant to any material issue in this case, and therefore may not be offered at the trial of this matter, unless circumstances later warrant.” Id., at 5-6.
The ruling goes on to specify the evidence that is relevant and material. To my knowledge, the trial court has not yet made its determination as to whether the transcripts of June 21 and 22, in whole or in part, shall be made public.
My reading of the transcripts leads me to believe that the trial court’s determination as to the relevancy of the rape shield material will significantly change the circumstances that have led to this application. As a result of that determination, the trial court may decide to release the tran *1304 scripts at issue here in their entirety, or to release some portions while redacting others. Their release, I believe, is imminent. I recognize the importance of the constitutional interests at issue. See, e. g., Capital Cities Media, Inc. v. Toole, 463 U. S. 1303, 1304 (1983) (Brennan, J., in chambers); Nebraska Press Assn. v. Stuart, 423 U. S. 1327, 1329 (1975) (Blackmun, J., in chambers). But a brief delay will permit the state courts to clarify, perhaps avoid, the controversy at issue here. See Nebraska Press Assn. v. Stuart, 423 U. S. 1319, 1325 (1975). (same).
Consequently, the application is denied without prejudice . to the applicants’ filing again in two days’ time. Should they do so, the respondent shall file a response one day subsequent indicating: (1) (if the trial court has acted) why any redacted portions of the transcripts must remain confidential; or (2) (if the trial court has not acted) which portions of the transcripts it believes, in light of the trial cov¿rt’s admissibility determinations, should remain confidential and why. The applicants shall file their reply, if they wish to file one, one further day later.
The application is denied without prejudice.